UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID D. TROTTER,

        Plaintiff,

  v.                                    Case No. 05-C-1032

PHIL KINGSTON, *et al.*,

        Defendants.

## MEMORANDUM AND ORDER

Plaintiff David D. Trotter, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Waupun Correctional Institute.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $250.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed in forma pauperis in order to pay the fee over time. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. He lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Leave to proceed in forma pauperis therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff alleges that Defendants Schueler and Tetzlaft sprayed chemical incapacitating agents on or near him. Plaintiff contends that these chemicals caused asthma attacks, vomiting, dizziness, and other ailments. Plaintiff alleges that Defendants Schrubbe, Waltz, Gorski, Wheeler, and Russel ignored his pleas for help. Plaintiff also alleges that Defendants Frank, Kingston, O'Donovan, Muenchow, Thurmer, and Ronzani rejected his prisoner complaints arising out of the incident. Plaintiff seeks compensatory and punitive damages as well as injunctive relief.

The court notes at the outset that plaintiff seeks to sue the defendants in both their individual capacities and their official capacities as Wisconsin Department of Corrections employees or officials. A suit against a state official in his or her official capacity is a suit against the official's office. As such it is no different than a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's official capacity claims against a state employee or official is therefore a claim against the state. The Eleventh Amendment bars suits in federal court against unconsenting states. Plaintiff's official capacity claims thus must be dismissed because of Eleventh Amendment immunity and also because the state is not a person suable under 42 U.S.C. § 1983. *Will*, 491 U.S. at 71. Plaintiff's claims against the defendants in their official capacities will therefore be dismissed.

Plaintiff sues Defendants O'Donovan, Muenchow, Thurmer, and Ronzani, all of whom are inmate complaint examiners, solely on the basis of their rejection of his complaints. A § 1983 action against inmate complaint examiners is not an appropriate means of collaterally attacking those examiners' decisions. *Borzych v. Frank*, 2004 WL 2491597, at *2 ((W. D. Wis. Oct. 28, 2004) ("[T[his court has no authority to review the wisdom or correctness of complaint examiner decisions or recommendations."). Accordingly, plaintiff's claims against the inmate complaint examiners will be dismissed.

The court holds that the complaint states a valid claim against the remaining defendants in their individual capacities. Deliberate indifference to an inmate's medical needs can amount to a violation of the Eight Amendment's prohibition against cruel and unusual punishment, which is applicable to the states through the Fourteenth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Thus, because plaintiff has set forth cognizable constitutional or federal claims, the case will proceed against the remaining defendants in their individual capacities. Plaintiff may assert any viable state law claims pursuant to this court's supplemental jurisdiction. *See* 28 U.S.C. § 1367.

Plaintiff has also moved for appointment of counsel. Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982). Although the court has the power to request an attorney to represent him, 28 U.S.C. § 1915(e)(1), the decision is a discretionary one. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is no funding for appointed counsel in civil cases and counsel is therefore rarely asked to represent civil litigants on a pro bono basis. Plaintiff does not indicate that he has contacted any attorneys on his own. Given the fact that a successful civil rights

4

plaintiff is entitled to recovery of attorney's fees, *see* 42 U.S.C. § 1988, civil rights plaintiffs are expected in most circumstances to secure their own counsel. If plaintiff contacts at least six attorneys without success, he may renew his motion for appointment of counsel. At this time, however, I am not persuaded that counsel should be appointed in this case.

**THEREFORE, IT IS ORDERED** that plaintiff's motions for appointment of counsel (Docket #3 and #6) are hereby **DENIED.**

**IT IS ORDERED** that plaintiff's claims against Defendants O'Donovan, Muenchow, Thurmer, and Ronzani are **DISMISSED.**

**IT IS ALSO ORDERED** that plaintiff's claims against the defendants in their official capacities are **DISMISSED.**

**HOWEVER, IT IS ORDERED** that plaintiff's request to proceed in forma pauperis (Docket #2) and his motion for waiver of the initial partial filing fee (Docket #5) are **GRANTED.**

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $250.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendant pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge

5

for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed in forma pauperis, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

6

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this   24th   day of October, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

7

Case 1:05-cv-01032-WCG    Filed 10/24/05    Page 7 of 7    Document 7