UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID D. TROTTER,

        Plaintiff,

  v.                                  Case No. 05-C-1032

PHIL KINGSTON, et al.,

        Defendants.

**ORDER GRANTING MOTION TO EXCLUDE EXPERT WITNESS AND
DENYING MOTION FOR TIME EXTENSION**

Plaintiff David D. Trotter, an inmate at Waupun Correctional Institute ("WCI"), lodged a civil rights complaint under 42 U.S.C. § 1983 against defendants, all of whom are WCI staff members. Plaintiff alleges defendants were deliberately indifferent to him when they sprayed incapacitating chemical agents on or near him and ignored his pleas for help. In an earlier screening order, the court dismissed the complaints against certain defendants, but allowed Trotter to proceed on his Eighth Amendment deliberate indifference claims against the remaining defendants in their individual capacities and on any related state law claims. (*See* Order of October 24, 2005, at 4.) Plaintiff has moved for a time extension so as to amend his required disclosure of expert witnesses, while defendants have moved to exclude plaintiff's medical expert. For the following reasons, defendants' motion to exclude the medical expert will be granted, and plaintiff's motion for a time extension will be denied.

**BACKGROUND**

The rather straightforward factual background of the case in chief has been set forth above. The procedural background of the case and the discovery-related conduct of both parties, however, are of greater importance to the instant motions. Plaintiff filed this action *pro se* on September 27, 2005. Attorney Jerold V. Fennell filed an appearance on behalf of plaintiff and a motion to amend the scheduling order on March 29, 2006, after which the court issued an amended scheduling order on April 6, 2006. That order imposed the following deadlines:

>June 10, 2006: disclosure of plaintiff's experts
>August 10, 2006: disclosure of defendants' experts
>September 10, 2006: close of discovery
>October 10, 2006: dispositive motions due

On June 1, 2006, Attorney Fennell filed his Rule 26 mandatory disclosure, listing Dr. Linus H. Santo Tomas, M.D., M.S., as his expert, and also provided a report by Dr. Santo Tomas [hereinafter "Report 1"] containing opinions about the incapacitating agent chloracetophenone (aka tear gas).

Unfortunately for plaintiff, pepper spray (oleoresin capsicum), not tear gas, was the incapacitating agent used during the events at issue. Attorney Manee Moua, counsel for defendants, informed Attorney Fennell of his misapprehension via an e-mail[1] sent on June 8, 2006. (Aff. of Manee Moua, Dkt. #71, Ex. 2.) Although two days remained before plaintiff's disclosure of experts was due, Attorney Fennell made no discovery requests prior to that deadline (June 10, 2006) to obtain relevant information regarding the correct incapacitating agent. On June 29, 2006, defendants sent Attorney Fennel their initial disclosure pursuant to Rule 26(a)(1), but this, too, failed to prod him into action, even though it specifically and repeatedly indicated that pepper spray

---

[1] This e-mail mentions that it is a follow-up to a prior telephone conversation in which Attorney Moua revealed the correct incapacitating agent. (Aff. of Manee Moua, Ex. 2.)

was the incapacitating agent used.² (*Id.*, Ex. 3 ¶¶ 17, 19, 21, 23, 25.) Attorney Moua's deposition questioning of plaintiff on July 20, 2006, also should have tipped off Attorney Fennell that pepper spray had been used.³ However, after the deposition, plaintiff still made no further reasonable inquiry of defendants to discover relevant information. On August 9, 2006, Attorney Moua timely disclosed defendants' experts to Attorney Fennell and provided him the written report of defendants' medical expert Dr. John W. Christman, M.D., which report specifically identifies pepper spray as the correct chemical agent. (Aff. of John Christman, Dkt. #50, Ex. 4.)

In his motion for a time extension, plaintiff acknowledges that on July 1, 2006, he learned that the chemical spray used was "different than what he had assumed," and he further acknowledges that Dr. Christman's report of August 9th identified the subject chemical to be pepper spray. (Pl.'s Mot. for Extension of Time, Dkt. #43, ¶¶ 2-3.) Apparently aware at last of the correct spray, Attorney Fennell requested Dr. Santo Tomas on August 11, 2006, to submit an "amended report"⁴ focused on pepper spray rather than tear gas and, after hearing nothing from Dr. Santo

---

²It is unclear why the defendants' initial disclosures under Rule 26(a)(1) were not made until June 29, 2006. Rule 26(a)(1) did not apply when the action was first filed, since Trotter was proceeding *pro se*. *See* Fed. R. Civ. P. 26(a)(1)(E)(iii). However, on April 7, 2006, after Attorney Fennell entered his appearance on behalf of Mr. Trotter, an amended scheduling order was entered and the parties were directed to comply with Rule 26(a)(1) concerning initial disclosures, if they had not already done so. (Dkt. #40, ¶ 1.)

³ After Trotter expressed his belief that either tear gas or "CS" (another incapacitating agent) had been used on him, Attorney Moua asked Trotter, "If I told you that none of those chemicals were used, and that, in fact, what was sprayed on you was OC, pepper spray, would you believe me?" (Aff. of Ma Manee Moua, Dkt. #56, Attach. #1, Dep. of David Trotter at 41-43.)

⁴ Defendants argue that the second report is a distinct report, not an addendum or amendment to Report 1, as the two reports deal with completely different incapacitating agents with different ingredients. They further argue that under Fed. R. Civ. P. 26(a)(2)(B), an expert may provide no more than one report. (*See* Defs.' Br. in Supp. of Mot. to Exclude Medical Expert at 10-11.) Other grounds are sufficient to decide the motion, and so there is no need to consider these arguments.

3

Tomas, made a similar request of him on September 21, 2006. (*Id.* ¶¶ 4-5.) On October 13, 2006, plaintiff received the second report from Dr. Santo Tomas [hereinafter "Report 2"] and electronically submitted it to defendants' counsel that same day, although Attorney Moua avers that she did not receive it until October 18, 2006. (*See* Defs.' Br. in Opp. to Mot. for Extension of Time, Dkt. #70, at 18.)

On October 23, 2006, plaintiff filed a motion for an extension of time to amend his required disclosure of expert witnesses, and a brief in support thereof. On November 9, 2006, defendants filed a motion to exclude Dr. Santo Tomas as an expert witness, along with a brief that both supported their motion and opposed plaintiff's motion for a time extension. Plaintiff filed neither a reply brief to support his motion for a time extension nor a response brief to oppose defendants' motion to exclude Dr. Santo Tomas. Thus, both motions are fully briefed.[5]

**DISCUSSION**

1. Plaintiff's Motion for an Extension of Time

Fed. R. Civ. P. 26(a)(2)(C) requires that parties make their expert disclosures "at the times and in the sequence directed by the court." A party's failure to make proper disclosures under Rule 26(a) or otherwise to comply with its requirements results in automatic and mandatory exclusion of the expert testimony unless the party at risk of sanction can show that its violation was either justified or harmless. *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996). The

---

[5] For both motions, response briefs were due within 21 days, and reply briefs, within 14 days. *See* Civil L.R. 7.1(b).

4

decision whether to exclude the expert testimony is at the discretion of the trial court. *See Parker v. Freightliner Corp.*, 940 F.2d 1019, 1024-25 (7th Cir. 1991).

I find plaintiff's violation of Rule 26(a) neither justified nor harmless. Plaintiff had ample opportunity to file discovery requests to obtain from defendants information that would have disclosed that pepper spray was the incapacitating agent, and yet he failed to do so. To begin with, he could have made such requests prior to filing his own Rule 26 mandatory disclosures on June 1, 2006. More surprising is that he made no such requests after he knew, or should have known, based on defendants' conduct and disclosures, that pepper spray rather than tear gas was the incapacitating agent used. Although defendants' counsel had no duty to do so, she alerted him of the correct chemical in an e-mail sent June 8, 2006 (and apparently also in a prior telephone call). At that time, plaintiff still had two days remaining to disclose his experts. Similarly, defendants' initial disclosure under Rule 26(a)(1) on June 29, 2006, clearly indicated that pepper spray had been used, and defendants' July 20, 2006, deposition of plaintiff strongly suggests the same. It is difficult to believe that not until he received the report of defendants' expert, Dr. Christman, on August 10, 2006, did plaintiff (more specifically, Attorney Fennell) realize that pepper spray had been used. However, even if that is true, plaintiff would have had 30 days—that is, until September 10, 2006—to provide a supplement to Dr. Santo Tomas's first report. *See* Fed. R. Civ. P. 26(a)(2)(C). Instead, plaintiff waited until the middle of October to submit Report 2 by Dr. Santo Tomas. Of course, plaintiff could not submit Report 2 until Dr. Santo Tomas had completed it, but surely plaintiff could have at least moved for a time extension in the interim. Finally, it is telling that Attorney Fennell provides no justification for his delay.

I also find that plaintiff's violation of Rule 26(a) at this stage of the case is not harmless, and plaintiff admits as much himself. (*See* Pl.'s Br. in Supp. of Mot. for Extension of Time at 1.) Discovery concluded on September 10, 2006, and defendants moved for summary judgment on October 31, 2006. If plaintiff's motion for an extension of time were granted, defendants would be subjected to unfair surprise and would incur substantial additional costs related to reviewing and responding to Dr. Santo Tomas's testimony. (*See* Defs.' Br. in Opp. to Mot. for Extension of Time, Dkt. #70, at 21.) Plaintiff acknowledges that granting his motion for the time extension will be prejudicial to defendants, but asks the court to consider the "great injustice" that will befall him if the motion is not granted. (Pl.'s Br. in Supp. of Mot. for Extension of Time at 1.) It would be perverse to allow a party to violate the rules of discovery to the other party's prejudice and then let the offending party off the hook in the interest of avoiding harm arising from *its own* carelessness.

2. Defendants' Motion to Exclude Expert Santo Tomas

Denying the motion for an extension of time has the effect of excluding Dr. Santo Tomas's Report 2 for its untimeliness. But even if Report 2 had been timely, it nevertheless fails to meet the requirements for an expert witness report. Under Rule 26, a report of an expert witness must contain:

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).

6

In addition to the foregoing procedural prerequisites to the admission of expert testimony, the Federal Rules of Evidence also place limits on the admissibility of expert testimony. As gatekeeper of admissible evidence, the trial court is to examine whether an expert is initially qualified to give his opinion and whether the opinion expressed "rests on reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). In the Seventh Circuit, the relevance analysis called for by *Daubert* requires district courts to determine "whether the evidence or testimony assists the trier of facts in understanding the evidence or in determining a fact in issue. That is, the suggested scientific testimony must 'fit' the issue to which the expert is testifying." *Porter v. Whitehall Labs., Inc.*, 9 F.3d 607 (7th Cir. 1993). Report 2 fails to satisfy either standard.

Although Trotter's initial expert disclosure included a copy of Dr. Santo Tomas's curriculum vitae, which set forth his qualifications and publications, neither report discloses his compensation or whether he has previously testified as an expert. More important, however, is that Report 2 fails to set forth any opinions that would be admissible in this case. The only information noted by Dr. Santo Tomas is that there is a dispute in the medical literature whether there is any difference in the bronchoconstrictive effects of capsaicin (pepper spray) on people with asthma as compared to those without asthma. (Aff. of Ma Manee Moua, Ex. 19.) The report does not disclose whether Dr. Santo Tomas has any opinion on the issue. Moreover, the discussion of this issue is prefaced with the following disclaimer:

> The following opinion is based on a review of the medical literature and may or may not apply to specific cases since I have no access to nor personally reviewed any medical records of specific persons that may be the subject of the questions you raised.

7

(*Id.*) Thus, by his own admission, Dr. Santo Tomas has nothing to say about this case. If he had something to say, it must be set forth in the report required under Rule 26(a)(2). Since Report 2 contains no admissible opinions, it would be struck even if it had been timely disclosed.

The same conclusion obviously applies to Dr. Santo Tomas's Report 1. Dr. Santo Tomas's Report 1 provides opinions about chloracetophenone, that is, tear gas, but is bereft of any mention of pepper spray. (*See* Aff. of Manee Moua, Dkt. #71, Ex. 1 at 1.) Defendants have submitted unchallenged evidence that tear gas was never used by defendants at any time relevant to the plaintiff's claims and that WCI removed all tear gas from its stock several years ago. (*See* Defs.' PFOF ¶ 41; Aff. of Debra Gempeler ¶ 19). Quite obviously, Report 1 is irrelevant to plaintiff's claims, all of which involve defendants' use of pepper spray. Accordingly, Report 1 must be struck. And because no proper report has been filed, Trotter will be precluded from introducing expert testimony from Dr. Santo Tomas.

**IT IS THEREFORE ORDERED** that plaintiff's motion for an extension of time to amend disclosure of expert witnesses is denied, and defendants' motion to exclude expert witness Dr. Santo Tomas is granted.

Dated this ___18th___ day of December, 2006.

                                       s/ William C. Griesbach
                                       William C. Griesbach
                                       United States District Judge